UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD TERRELL WALTON,

        Petitioner,

                      CASE NO. 08-10576

v.

                      PAUL D. BORMAN

HUGH WOLFENBARGER,          UNITED STATES DISTRICT JUDGE

        Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION
## FOR A CERTIFICATE OF APPEALABILITY
## BUT GRANTING LEAVE TO PROCEED
## *IN FORMA PAUPERIS* ON APPEAL

Petitioner Edward Terrell Walton has appealed the Court's Opinion and Order denying his habeas corpus petition, which challenges Petitioner's convictions for murder, assault with intent to commit murder and to do great bodily harm less than murder, first-degree home invasion, armed robbery, and felony firearm. Currently pending before the Court is Petitioner's Motion for a Certificate of Appealability.

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . . When the district court denies a

habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## The Challenge to Petitioner's Confession

The first habeas claim alleges that Petitioner's statement to the police was involuntary and coerced and therefore should not have been admitted in evidence at trial. The Court found no merit in this claim because Petitioner was nineteen years old at the time of his interrogation, he had completed eleven years of schooling, he could read and write, and he appeared to understand what was happening. He also had prior contacts with the police as a juvenile.

The Court concluded from the totality of the circumstances that Petitioner's confession "was obtained by means of legitimate law-enforcement methods that withst[oo]d constitutional scrutiny." *Ledbetter v. Edwards*, 35 F.3d 1062, 1070 (6th Cir. 1994). His will was not overborne, nor his capacity for self-determination critically impaired.

Reasonable jurists would not find the Court's assessment of Petitioner's claim debatable or wrong. Accordingly, the Court declines to issue a certificate of appealability on claim one.

## The Challenge to the Prosecutor's Remarks

The second and third habeas claims allege that the prosecutor's remarks during the opening statement and closing arguments deprived Petitioner of his rights to due process and a fair trial. Petitioner contends that the prosecutor appealed to the jury's sympathy, engaged in speculation, and "testified" during closing arguments.

Petitioner failed to object to these remarks during trial, and he has not advanced any

2

argument in support of a finding of "cause" for his procedural default and resulting prejudice. He also has not presented any new evidence in support of a claim of actual innocence. The Court therefore concluded in its dispositive opinion that Petitioner's prosecutorial-misconduct claims were procedurally defaulted.

Reasonable jurists would not find it debatable whether the Court's procedural-default ruling was correct or whether the habeas petition states a valid claim of the denial of a constitutional right. The Court therefore declines to issue a certificate of appealability on Petitioner's second and third claims.

For the reasons given above, Petitioner's Motion for a Certificate of Appealability [Dkt. #12] is **DENIED**. Petitioner nevertheless may proceed *in forma pauperis* on appeal.

    S/Paul D. Borman
    PAUL D. BORMAN
    UNITED STATES DISTRICT JUDGE

Dated: June 14, 2010

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on June 14, 2010.

    S/Denise Goodine
    Case Manager